161682 Appeal from the Port of Veterans Appeals All right five minutes for rebuttal yes, please Ready, okay, you may begin, so please the court. My name is Sandra Booth. I'm appearing on behalf of the appellant normal Hornby In the court below mrs. Hornby challenged the legal sufficient Sufficiency of the evidence that the board relied upon in finding that her husband was not credible about his travel to Nagasaki in particular  Challenged the board's reliance on an absence of evidence in the records without the foundation to show that that Event would normally have been recorded Had it actually occurred the court declined to review that declined to apply that rule of law that brings that issue squarely within this court's jurisdiction under 7292 a the rule of law jurisdiction as well as the court's Interpretation in Willsie that a failure to apply the rule of law as a crime of fascia legal claim over which but if if what? Veterans court did was essentially say We're not going to rely on or we won't we'll look at what all the facts and and all the decisions of the board separate and apart from the absence of of the service record evidence and then found That even can even having referred to the service record evidence or the absence of the service record evidence was was not Prejudicial error are we allowed to review a conclusion of the veterans court? Regarding what constitutes prejudicial error or not? I? Think that this particular question your honor more accurately Can you review whether the veterans court have the jurisdiction to make that initial finding a fact regarding the sufficiency of the evidence? on an altered evidential landscape from what the board had relied upon the board's decision at Page 30 of the appendix relies on three pieces of evidence Taken together if we back out The reliance on the absence of records were left with what in my view are two very weak reads upon which to be see Particularly if you can in light of the board's obligation to consider all other evidence and Consider the application of the benefit of the doubt It's a very thin read to support a Negative credibility finding now the board might the board may well make that finding I don't think it will without the official records it may but that was not it within the Scope of review, but it seems to me you're making one of two arguments then you're either arguing that The Court of Appeals or veterans claims made an error in making a harmless error finding which I don't think we can review Or you're arguing that the Court of Appeals or veterans claims doesn't have the power to make a harmless error determination Are you making either of those two arguments because it sounded to me like when you started you were saying that And then when you finished you were saying well that there's no way that this is really harmless error The board surely would have found differently. Well, it's not harmless error your honor because This is somewhat analogous to the AZ case Where this court upon remand cautioned the Veterans Court that it needed to consider whether or not it had The whether it needed to remand to the board for additional fact-finding in view of the change the change in the Nature of the evidence, but the the Court of Appeals Made that determination did it not when they said that we find that there's no prejudicial error here Even if the board was wrong with respect to the legal issue that you've raised. I Don't believe the board or the court could make that finding him. No. Well, that's my question Are you saying that the court doesn't have the power to make that kind of harmless error determination? I Because that's what it was, right? It was a harmless error determination that the court made What I'm right about that. Am I not? You seem to be resisting Into The that portion of the courts opinion what what I'm saying but mrs. Hornby contends is that the Veterans Court did not have it was not within the Veterans Court scope of review as construed by the Hensley case to make the initial finding of fact that one piece of evidence was sufficient to Render the veterans credibility to render a negative credibility finding Whereas the board itself required reliance on all three pieces of evidence two of them being one of perceived inconsistency in The veteran statement that he went in To Nagasaki and another time reporting that he came back out and the court did not even address that one the other being the veterans Admitted error about the specific date that he went to Nagasaki. However that error The error in his date as he recalled and the actual date that we know his ship was docked at Disabled are all within the regulatory time period But I thought I knew what what the legal question is that you were appealing, but now I'm kind of confused. Can you state? Clearly what what's the legal question that we're here to review? Your honor. We would like the court to require the Court of Appeals for veterans claims to address the legal insufficiency of the Evidence the absence of record evidence and if that Determination is favorable to mrs. Hornby Then the Veterans Court will have to determine The question that would be does the Veterans Court have jurisdiction to Make new findings of fact. So so are you arguing that that? A credibility determination could not have been made Because there were missing records No, I'm not arguing that it under the facts of this particular case The I'm not saying a credibility determination could not have been made We're saying that in reaching that decision the board relied on evidence that was not reliable and The question then is but the evidence it relied on were inconsistency in the statements It didn't find credible the testimony or the evidence statements made by the family members And there was an inconsistency in in the veterans own recollection Well, the question then is are those Inconsistencies but with regard to the family members they were disregarded because the veterans testimony was disregarded was excluded because of the credibility finding your argument is that if There were records out there somewhere that would show that he indeed did have duties in Nagasaki. I Would argue there is evidence in the record which under 1154 a board must consider in light of The circumstances of his service. We actually know very very little about his service. There is a Gap, we know that he went to a beach battalion school. We know he had amphibious training both Facially suggesting that he was trained to do something that was off off of his ship in February 1945 we know he was assigned to the USS Fallon the record then goes dark For the next eight or nine months until he is back in California. The only way we know that he was in Sasebo is that when he returned to California got that stamp on one of his personnel records and independently The board has confirmed through other sources that his ship docked at Sasebo on two different occasions We are otherwise without any Evidence other than the veterans testimony as to what he actually did in the service where he traveled We don't even know where his ship docked other than once it left California in February until it returned in October Let alone know where the veteran himself performed his duties. So If But isn't that precisely the point here that if we if you only have so many If that's all you have in is the veterans own Statements and those statements are found not to be credible For a whole variety of reasons then you don't have anything that satisfies the burden of proof, right? If if the credibility decision stands then I think that is correct But the question is whether that credibility Decision can stand on the basis of Evidence, which is not reliable under the AZ case Could I return to the point that we were discussing earlier and I don't want to beat this into the ground But I I want to make sure I understand what your legal point is with respect to whether the veterans court Has the authority in appropriate case? Well in in any case that it decides to apply the harmless error rule to do so Whether it has that authority It has I think it does have that authority. Okay, so so if it were to just I'm sorry I cut you off you you're gonna say under certain circumstances or yes. Ie only when it does so correctly is that one would hope Well, but that's important because you could have a harmless error determination Which in itself presumably wouldn't be reviewable by us even if it's wrong, right? That's true. But I think this again. I think this is comparable to the AZ case where If the Record is altered By the decision that certain portions of the evidence that the board relied on are not reliable Then we have a real question of whether or not what remains if you take out take out of the mix the absence of evidence in the record as Substantive negative evidence, which is how it was treated by the board if you take that out of the mix then There there really are just two circumstances two items of evidence that the board relied on number one the inconsistent inconsistencies in the dates right and number two the An inconsistency that I I think would bear further explanation by the board Okay about going in and coming back out But isn't that going to be present in every harmless error inquiry where you say? There may have been an error with respect to one aspect of the case, but we think it wasn't prejudicial Because the other evidence was amply sufficient to support the board's determination That is the essence of harmless error determination. Is it not? I don't think you can reach that I don't think the Veterans Court could have reached that because The board could have as a matter of its power or could have as a matter of logic by it's no as a matter of its Jurisdiction because that's it. I'm sorry. Well, I I come back. It sounds to me like you're saying They don't have the authority to make a harmless error determination Because in this case if suppose there were 30 items of evidence in addition to the records issue and they said But the evidence is Overwhelmingly strong that he wasn't there but there the board relied on this of this records business and and we think they were wrong in that regard, but Otherwise, it's clear that the error is harmless You think they have don't have the authority to do that. They have to send it back to the board I think when the decision or when the decision on that issue implicates the application of the benefit of the doubt That the Veterans Court Does not have the jurisdiction to make that initial finding of fact based on the new evidential landscape and particularly in this case where the absence of records was given You know a great reliance was played out the board placed great reliance on the absence of records so you do If the board should not have relied on that could not have relied on the absence of records then we're left with two items of evidence that by themselves Are not Number it's questionable as to whether they're persuasive do they preponderate? We'll give you three minutes for rebuttal. Thank you your honor May it please the court Certainly understandable that miss Hornby is attempting to find some sort of legal argument that this court would have Articulated the issue the issue here is not whether the Veterans Court made a finding of An initial finding of fact contrary to what the board found and what the board relied on But whether the court correctly applied the rule of prejudicial error Here I mean really the court did say all right the board relied on three things and one of the things the board said is that you have to look at Weaknesses in his testimony or problems like the psychiatric disability and compare that or add it to the absence of service records and so ultimately the board really did Base its credibility determination at least in part on an improper consideration Now it isn't it's so when the Veterans Court then says we're going to take that improper consideration Off the table. How did they then do the weighing that the board? Itself did how does the Veterans Court have the authority to do that weighing in the first instance? well, if I may address a factual kind of underpinning of Your honors your honors comment The board actually did make the very finding that miss Hornby colleges it did not the board made on my missus on page 30 of the the appendix The board actually found that where a ship was stationed the type of Where where an individual stationed on that ship actually served is the type of information that one would expect to be in military records with the location of the ship and the veterans The Veterans service records and there the board noted The veterans service personnel records and the DTRA report clearly indicate he actually landed at Sasebo, Japan In fact the server records document the veteran participated in the initial occupation of Sasebo on September 22nd to 23rd 1945 The absence of an entry in a record may be evidence against the existence of a fact if it were ordinarily to be recorded so here The board made the very determination that miss Hornby colleges is missing and alleges constitutes legal error the veterans court Reviewed the board's decision for clear errors determine whether it's its credibility determination. Its decision was supported by the record and Found on the basis of the inconsistency of the mr. Hornby statements alone that it was that there was no clear error The veterans court addressed miss Hornby's arguments in order the first one being the inconsistencies in mr. Hornby statements were not enough Or that was incorrect and Found that there wasn't enough themselves and were enough Therefore declining to reach the rest of or to address specifically the rest of miss Hornby's Arguments before the veterans court the veterans person. I don't have to the issue is whether it's clear error This is not clear error whether there is some sort of Legal wrongdoing below is irrelevant again, it's not harmless. So again, your honor's correctly articulated the issue here It's not whether there was a finding a fact in the first instance, but whether there was an application of harmless there But I'm not sure you've you've fully addressed judge O'Malley's question as I Think she was saying didn't the board's finding with respect to the records issue somehow in fact its determinations with respect to the credibility issue and if so, is it Inappropriate for the court to have then teased them apart and treated them as if they were independent grounds of determination Your response was in significant part that well the board was right in looking at the records but but we have to assume at this point for purposes of The argument about harmless error that the board was wrong and then ask whether nonetheless the court was right in saying that the error was harmless because of the credibility issues, so I what I need to hear you say is what where we can determine for what the board has said that the Credibility issue was quite independent of the records issue Well at first your honor would note that the board did say Taking all of these facts together that they they find the weight of the evidence is Actually against a finding that the veteran didn't serve within 10 miles of Nagasaki so the board didn't conflate the service records and the DTRA report and the veterans statement for the purpose of reaching The credibility issue, I mean when you say they didn't come conflate they said these things all taken and they didn't say They just said inconsistencies in his statements as well as the lack of documentation of the claim service and the service records and the Findings in the DTRA report taken together. So how do we separate miss miss Horn? Because complaining about the credibility determination and is saying that the board somehow relied on the inconsistencies in Mr. Hornby statements plus the fact that his statements contradicted his service records. Going back to to page 30 And there again this is in further as to what Judge O'Malley just read it says as such the absence of the entry in the service record is evidence Against this claim service in this case and then it goes on and uses that evidence in order to build a lack of credibility case How can that be evidence that lack and it did it Cites a case and says that this type of record would have been Recorded ordinarily recorded. It's kind of like the What the presumption of regularity it's trying to apply here in an evidentiary manner but I Didn't find anything else that says that there's evidence that this type of entry would have ordinarily been recorded In fact, it seemed like the whole venture was recorded pretty well I'm sorry, your honor. I'm not sure if I understand and I certainly don't want to fail Let me go back and just go back that it seems to me that the board used the absence of the entry of the service record Whether he went to Nagasaki or not that absence and as evidence that weighed against him Yes, it did And that certainly was again there were three prongs three three pieces of evidence that the board looked at and I understand the concern that the veterans court Only fully addressed the first of those pieces of evidence that supported the board's Determination that the veteran had failed to establish service within 10 miles of Nagasaki But that is exactly what the rule of prejudicial error is it's it's clear error it's it's finding is it clearly erroneous Based on the first prong is enough to support the board signing that is what the rule of prejudicial error is That is what the veterans court did if the veterans court was required to address every single Issue every single piece of evidence the board considered Every single argument that the veteran raises before it even if on the basis of one fact alone that is The board's ruling is not clearly erroneous There would be no rule of prejudicial error Then the board then the veterans court would be required again to address every single finding the board made every single argument That an appellant makes before it and I mean that would effectively vitiate Maybe you could say that instead of saying that the lack of an entry is his ways against the veteran To say that it has no weight at all The veterans court of the board your honor the board The board could have done that The board didn't do that here. But again, I Mean, I guess that we could say that the board would have to to say And kind of articulate it in that manner, but again The question is whether the veterans court Appropriately per applied the rule of prejudicial error. I believe here the veterans court had the authority to do that. It appropriately did that Even we hear that this is analogous to AZ but again in AZ that was remanded because The veterans court actually relied on an absence of information This court said that was incorrect you can't rely on that absence of information You need to remand that the evidentiary landscape has changed as miss booth said You need to remand to figure out what to do in light of the fact that the evidentiary landscape changed here the evidentiary landscape Hasn't changed. It's simply One prong was enough. We don't need to address the veterans court doesn't need to address the other issues because This one prong is enough. Nothing has changed And Again, it's the application of the rule of prejudicial error Not a finding of fact in the first instance not Looking at the evidence weighing the evidence in any sort any different way simply saying this is what the board found That is enough. That is not clearly erroneous And again We've been talking a lot here about Just bring to the court's attention about the evidence about the weighing of evidence about the credibility of the evidence This case is about whether the veterans court appropriately reviewed Applied the appropriate legal standard whether the board's credibility determination was clear error You think that the determination of harmless error is appropriately done by the reviewing court by determining whether there was sufficient evidence other than the Supported the lower tribunals determination or is it The question of whether the lower tribunal surely would have reached the same Conclusion based on the limited subset of evidence that it was appropriate for it to consider You understand the question. I believe I do your honor and again I don't want to waste anybody's time by by answering a question other than what was asked. I do believe that When The veterans court is applying a clearly erroneous standard the appropriate determination is whether the record supports the board's determination Even if the board even if the board had said for example that which it didn't but had it said that the Factor that Impresses us the most and on which we think this case most clearly turns is the absence of any record But there was the inconsistency. Would it be appropriate for the Court of Appeals to have said? yeah, but the Inconsistencies in his statements are sufficient to uphold the determination of the board. Would that be an appropriate mechanism for? Prejudicial error determination, I think it would be it's it's a a closer call It's it's certainly a more and for lack of a better word a more just serving application not wrong word, but It's what I've got right now. Um But it's certainly something that the court could do if the court is looking at The record as a whole and looking at the termination and looking at the evidence again the evidence that the board relied on and said This is appropriate This is not what about the overlay of the benefit of the doubt rule so say the board has three reasons and One of them falls out because it was an inappropriate reason How do we know whether or not in in the absence of that third prong the board wouldn't say? Well, then given the benefit of the doubt rule Even though there were some inconsistencies in his testimony We now fall off the fence the other way isn't that really up to the board to decide in the first instance but your honor the benefit of the doubt rule applies when There's kind of parity. So it doesn't weigh and the evidence doesn't necessarily weigh in favor of the Veterans Administration doesn't necessarily weigh in favor of the Veteran it's kind of like tie goes to the runner in baseball If you have three reasons and one of them drops out and all you have left are the inconsistencies I believe your honor remarked in this earlier The only evidence are statements by the veteran that are themselves internally inconsistent, which is what the board found Which is what the veterans court reviewed? Then there is no Parity there is no balance for a benefit to go to the veteran So in this instance No, if you have three reasons and one falls out and you don't have anything that really weighs in favor of the veteran in and of Itself. I mean again, the only way to make that happen would be for the veterans court to have found that the board's credibility Determination was erroneous was incorrect again that the application of a rule to lots of factual determination So know that the benefit of that rule doesn't come into play here because there's no balance that no tie That needs to be decided You have any further questions Your honor I think it is Pertinent to clarify what the board found with respect occupation the board relied on the Veterans personnel record which was stamped that he occupied Participated in the occupation of Sasebo Sasebo being the deepwater port that was closest to Nagasaki after the bomb But not within 10 miles. No, it was 30 miles away and also it The that that is what the board relied on that is the fact that the board relied on to say that there is Those records are affirmative evidence. He did not go to Nagasaki. However that record was created by the Navy in October of 1945 For purposes of for the Navy's purposes. He did occupy Sasebo however, the statute and the implementing regulation government governing the radiation exposure claims is much more expansive Under that statute and that under the statute as implemented by the reg The service member need not have actually occupied a Particular area within the ordinary meaning of that word it is sufficient if he Participated or rather if he provided support services to the occupation, even though he may have been assigned to a different Unit may have been assigned to Occupy a different geographical error. That was the the court's interpretation in the McGuire case As long as he went within the 10 miles at some point he had to meet the other requirements, right? He had to be within 10 miles of of Nagasaki. It had to be within that particular time There any timing requirement? It does it have to have been within August of 45? What no your honor and that it can be any time according to the statute and the reg between August 7 1945 which is when the bomb was dropped through a date in July of 1946 that's that's why We think that the the board has to make the initial finding of fact As to whether the one statement that the court relied on being the the differing dates Is sufficient to preponderate? Against his credibility where the veterans Error of recalling dates makes no difference on the merits because all those dates are within that regulatory time period I Would Also It Was a record evidence at all that any u.s. Troops occupied Nagasaki the month that the bomb exploded Not in this record. No Presumably no one from the u.s. Occupied until after the surrender which occurred in September September 20th or something I Don't think there was anybody in Nagasaki. I don't know. I don't know your honor. It's not disclosed by the records History would right right, but it's not disclosed by this time file So I don't know but the important thing at least from the perspective of the credibility analysis is that? Even though the veteran Erroneously remembered the specific date the dates that he did remember Are still within that time period the regulatory time period now will the board find that that's still Sufficient to preponderate against the veterans credibility without the backup of the absence of record I Think there's a good argument to be made that it would not I don't think the Court of Appeals for veterans claims Could reach that decision Make that final effect All right, you're past your time, thank you